Dear Secretary Ward,
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
 1. Is property which will be, or is being, lease-purchased by a State agency, constitutionally exempt from ad valorem taxation pursuant to Article X, § 6 of the Oklahoma Constitution or 68 O.S. 1991, § 2887[68-2887](2)?
 2. Even absent the language in 68 O.S. 1991, § 2887(2) dealing with lease-purchases, would property being lease-purchased from a State-beneficiary public trust, be exempt from ad valorem taxation when the State trust retains title to the property but assigns all of its rights to receive lease payments and its remedies against the State agency lessee, to a trustee bank for the benefit of the holders of certificates of participation representing an interest in the agency lease?
¶ 1 Any analysis of ad valorem taxation begins with the proposition that all property in this State, except that which is specifically exempt by law, is subject to ad valorem taxation.68 O.S. 1991, § 2804[68-2804]. Oklahoma law does provide, however, an exemption from ad valorem taxes for "all property of this state, and of counties and of municipalities of this state." Okla. Const. art. X, § 6(a). Under Article X, § 6(a) the property of public trusts created to hold property for the state, counties and municipalities is exempt from ad valorem taxation.
¶ 2 Your first question is specifically answered by the provisions of Section 2887(2) which designates the property to be exempt from ad valorem taxation:
 All property of this state, and of the counties, school districts, and municipalities of this state, including property acquired for the use of such entities pursuant to the terms of a lease-purchase agreement which provides for the passage of title or the release of security interest, if applicable, upon payment of all rental payments and an additional nominal amount[.]
68 O.S. 1991, § 2887[68-2887](2) (emphasis added).
¶ 3 Under the terms of 68 O.S. 1991, § 2887[68-2887](2) any property acquired by a State agency by means of a lease-purchase is exempt from ad valorem taxation, if, upon completion of the agreement, title passes to the agency upon payment of some nominal amount.
¶ 4 Your second question involves a situation where a State agency is lease-purchasing property from a State-beneficiary public trust with the trust assigning its rights to lease payments to secure its obligation to repay creditors.
¶ 5 Keeping in mind the basic rule that ad valorem taxes are the obligation of the "owner" of property, the scenario envisioned by your second question results in exemption from ad valorem tax. In State ex rel. Cartwright v. Dunbar,618 P.2d 900 (Okla. 1980) the Oklahoma Supreme Court held that trust property in which private entities hold a possessory and contractual interest by virtue of a lease agreement with the public trust as holder of legal title are subject to ad valorem taxation. The underlying premise of Dunbar is that the lease agreement therein was an executory contract of sale, and, the property of a public trust held under a purchase contract is not constitutionally tax exempt. In Dunbar the court found that the payments made under the "lease agreement" covered all amounts necessary to acquire, construct, and protect the lease properties, and to service and retire the full bonded indebtedness. The court further found that the nominal consideration bore no reasonable relationship to the purchase price or value of the property. The court reviewed the substance of the transaction to determine the taxable status of the property and found that the private entities were the functional equivalent of owners. Dunbar, 618 P.2d at 910.
¶ 6 Such a detailed analysis is not required to answer your question which envisions a situation where both lessor and lessee are State agencies. As such, each entity would be exempt from ad valorem taxation and an analysis of ownership for tax purposes would be irrelevant.
¶ 7 The relationship with the trustee bank wherein the lessor/State-beneficiary public trust assigns its rights to the bank to secure payment of bonded indebtedness is not sufficient to make the trustee bank the "owner" for purposes of ad valorem taxation. In substance all that has occurred is that the owner/lessor has assigned its rights to rentals from the lessee to secure repayment of funds borrowed to purchase the leased equipment.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Property which is lease-purchased by a State agency is exempt from ad valorem taxation pursuant to Article X, § 6 of the Oklahoma Constitution and 68 O.S. 1991. § 2887(2).
 2. Property lease-purchased from a State-beneficiary public trust by a State agency is exempt from ad valorem taxation.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL